UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-60047-CR-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA,

vs.

MICHAEL CATES,

    Defendant.
_____/

REPORT AND RECOMMENDATIONS ON
COUNSEL'S CJA VOUCHER REQUEST

On September 13, 2014, court-appointed defense counsel Marc D. Seitles ("Counsel") submitted voucher application FLS 11 3337 with appended time sheets requesting $7,677.94 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"), 18 U.S.C. § 3006A. Counsel supplied detailed time entries and a letter of explanation (the "Letter of Explanation") in support of the application.

On August 2, 2011, Counsel was appointed to represent Defendant Michael Cates ("Cates") pursuant to the CJA. [ECF No. 238]. Previously, Counsel was appointed CJA counsel for Cates's § 2255 petition. Cates prevailed on that petition as to Cates's conviction on Count 22 of the Indictment, for aggravated identity theft. The District

Court then appointed Counsel as Cates's CJA counsel in this matter, for the limited purpose of representing Cates at his resentencing. [ECF No. 238].

Counsel now seeks $7,667.94 in compensation for his representation of Cates in connection with the resentencing.[1] Of that, $7,587.50 is for attorney's fees. The requested amount exceeds the $2,100.00 statutory maximum for attorney's fees allowable pursuant to the CJA. *See* Guidelines, Vol. 7A, Chapter 2, § 230.23.30.[2] United States District Judge Jose E. Martinez referred the voucher application to the Undersigned for a Report and Recommendations as to whether the requested fees are appropriate. [ECF No. 187].

Having reviewed the voucher and the pertinent portions of the record, the Undersigned **respectfully recommends** that the voucher request be **approved, as modified herein for a total amount of $7,672.94**, in accordance with the opinion below.

I.      CRIMINAL JUSTICE ACT GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in applying the provisions of the CJA. *See In re Burger*, 498 U.S. 233, 234 (1991). The CJA

---

[1]     As discussed below, the CJA Administrator actually increased this amount, based on review of Counsel's time records.

[2]     Table 30 is applicable here, rather than the table found at § 230.23.20, because this representation occurred between 1/1/2010 and 2/28/2014. Under the CJA Guidelines, assistance at a resentencing is considered an "Other representation required or authorized by the CJA."

2

plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the United States Judicial Conferences guidelines for the administration of the Criminal Justice Act." *See* CJA Plan, Southern District of Florida.

The CJA provides that an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" at the conclusion of CJA representation. 18 U.S.C. § 3006A(d)(1). The CJA also provides for payment of "expenses reasonably incurred." *Id.* The district court, as the body empowered to "fix" compensation of CJA-appointed Counsel, has the statutory authority and discretion to determine what is a reasonable expense or use of billable time. 18 U.S.C. § 3006A(d)(5); *U.S. v. Griggs*, 240 F.3d 974 (11th Cir. 2001).

To recommend a fee exceeding the statutory maximum, the district court must first certify that the case involves "complex" or "extended" representation. 18 U.S.C. § 3006A(d)(3). The court may find a case "complex" if the "legal or factual issues . . . are unusual, thus requiring more time, skill and effort by the lawyer than would normally be required in an average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(b). A case is "extended" if "more time is reasonably required for total processing than the average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(c). After certifying that the case is either "complex" or "extended," the district court must determine whether the amount sought is necessary to provide Counsel with fair compensation.

Additionally, the Guidelines recommend case budgeting for cases that require more than 300 attorney hours or $30,000 in attorney's fees. Guidelines, Vol. 7A, Chapter 2, § 230.26.10. In such instances, "counsel should submit a proposed initial litigation budget for court approval, **subject to modification** in light of facts and developments that emerge as the case proceeds." Guidelines, Vol. 7A, Chapter 2, § 230.26.20 (emphasis added). The case budgeting provision for capital cases also states that "[c]ase budgets should be re-evaluated when justified by changed or unexpected circumstances, and should be modified by the court where good cause is shown." Guidelines, Vol. 7A, Chapter 6, § 640.20(f). While the Guidelines *implicitly* endorse the wisdom of modifying the budget due to changed circumstances, there is no **explicit** requirement for submitting modified case budgets.

## II.   BACKGROUND

### A. Facts of the Case

At a change of plea hearing in Cates's criminal case, Cates acknowledged and accepted a factual proffer that included the following facts [ECF No. 156]:

Cates produced counterfeit and fraudulent checks, as well as counterfeit and fraudulent driver's licenses and other forms of identification which he used, along with several co-conspirators, to perpetrate bank fraud between 2004 and 2005. [ECF No. 156, pp. 9-10]. Essentially, Cates would create a fake driver's license for a co-conspirator, as well as a fake check made out to that person, assist that person in cashing that check,

4

and then take a portion of the cashed proceeds. [*Id.*]. According to the factual proffer, in total this criminal enterprise resulted in the loss of approximately $888,071.06 from victim banks. [*Id.*].

Cates pleaded guilty to counts 1, 4, 22, and 39 of the Indictment. Count 22 is at issue here. Count 22 charged Cates with Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A.

After his conviction, Cates filed a § 2255 habeas petition arguing that his conviction and sentence for Aggravated Identity Theft were no longer valid, in light of a recent Supreme Court decision in the matter of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). Essentially, *Flores-Figueroa* altered what the government must show in order to convict a defendant of aggravated identity theft for knowingly transferring, possessing, or using without lawful authority, a means of identification of another person. Cates argued that his conviction was no longer valid because the Government did not prove that he knew, at the time he engaged in the alleged aggravated identity theft, that the means of identification that he possessed belonged to someone else.

Cates initially proceeded *pro se* in his habeas case, however, he was later appointed CJA counsel -- the same Counsel (Marc Seitles) who later represented Cates at the resentencing at issue here – and Counsel filed a memorandum of law in support of the habeas petition. *See Cates v. United States*, Civ. Case No. 09-cv-61201-JEM, ECF

Nos. 23; 31 (Jan. 13, 2011).[3] On January 13, 2011, the then-assigned magistrate judge to this matter entered a report recommending that Cates's motion to vacate his conviction for Count 22 be vacated. [CV-ECF No. 33]. The government filed objections to the magistrate's report but then withdrew those objections and requested that the Court conduct a *de novo* sentencing on the remaining counts of conviction. [CV- ECF No. 45].

Counsel filed a motion to be appointed CJA counsel for that resentencing proceeding. [CV-ECF No. 46]. The District Court then entered an Order adopting the magistrate judge's report, granting Cates's motion to vacate his conviction on Count 22, setting a resentencing hearing, appointing Counsel as Cates's CJA counsel for that resentencing proceeding, and requiring each party to file a memorandum of law in advance of the resentencing proceeding. [CV-ECF No. 48, pp. 2-3].

Counsel filed an eleven-page memorandum of law in advance of the resentencing proceeding. [ECF No. 240]. The sentencing hearing was held on September 21, 2011. Cates was sentenced to 58 months and 6 days in prison at the resentencing proceeding. [ECF No. 245]. Originally, Cates had been sentenced to 63 months in prison. [ECF No. 195].

---

[3] References to the civil habeas docket are demarcated as "CV-ECF No." References to the criminal case docket are demarcated as "ECF No."

B. <u>**Initial Budget Proposal**</u>

There was no initial budget proposal in this matter. Counsel was appointed for the limited purpose of representing Cates at his resentencing, which, pursuant to the CJA Guidelines, would normally be subject to a $2,100.00 statutory maximum for attorney's fees. Guidelines, Vol. 7A, Chapter 2, § 230.23.30. This amount is well below the amount that would warrant an initial budget proposal under the Guidelines. *See* Guidelines, Vol. 7A, Chapter 2, § 230.26.10.

C. <u>**CJA Voucher Request**</u>

Counsel submitted the instant CJA voucher request on September 13, 2014. Counsel sought $7,667.94 for his representation at the resentencing. This includes 1.0 hour of hearing time and 59.7 hours for time spent out-of-court. In addition, the request includes $30.44 in travel expenses and $30.00 in copying expenses.

D. <u>**Voucher Amount – Administrator's Review**</u>

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy. The administrator did make some changes to Counsel's CJA voucher request, actually *increasing* the number of hours spent out-of-court by 1.5 hours, based on the time sheets Counsel included with the voucher. The CJA administrator also corrected an arithmetic error that had resulted in a loss of 1.5 hours of out-of-court time that Counsel had actually recorded on his voucher request. In total, after the CJA administrator's corrections, the total amount of attorney's fees was

$7,837.50, for 63.7 hours of time. The final amount of the voucher after the CJA administrator's review was $8,042.94.

## III.   ANALYSIS

### A. This Case Was Complex

In order to recommend that the District Court compensate Counsel in an amount that exceeds the statutory maximum, I must first find that this case was either complex or extended. Counsel was appointed for the limited purpose of representing Cates at his resentencing, so the appointment was certainly not "extended."

However, after reviewing the record, there is no doubt that the resentencing was complex. Counsel did not represent Cates in the original criminal proceeding. Although Counsel did represent Cates during his habeas proceeding, that proceeding concerned only Count 22, whereas the resentencing involved every count on which Cates was convicted *except for* Count 22.

Counsel had to familiarize himself with the entire underlying criminal record -- particularly those portions relating to the sentencing phase -- in order to adequately represent Cates at his resentencing. The nature of the case, number of defendants, volume of materials, length of the trial, and number of docket entries cause the Undersigned to conclude that the cost of fair representation at resentencing exceeds the statutory maximum of $2,100.00.

In advance of the resentencing, Counsel prepared and filed a memorandum addressing several complex issues, including, among others, that: (1) the government waived a right to argue that a particular sentencing enhancement (U.S.S.G. § 2B1(b)(10)) applied; (2) the law of the case doctrine prohibited the government from seeking that enhancement where the probation officer had already determined the total offense level and the government had not objected to that determination; and (3) Cates should receive credit for time served after imposition of a federal writ. [*Id.*]. In light of the lengthy underlying record and the nature of the arguments at the resentencing, the Undersigned finds that this stage of the case was complex.

B. **In-Court Hours**

Counsel sought compensation for 1.0 in-court hour ($125.00). The CJA administrator reviewed the request without making changes. Given the various different issues that had to be resolved at resentencing, I find this amount to be reasonable. I recommend Counsel be paid the full $125.00 for his in-court hour.

C. **Out-of-Court Hours and Expenses**

Counsel sought 59.7 hours for time spent out of court. The CJA administrator reviewed this amount and increased it to 62.7 hours to properly reflect Counsel's attached time sheets. In his cover letter submitted to the District Court with his voucher request, Counsel references many of those issues outlined above that show this matter was complex and also that Counsel (and his co-counsel, associate Ashley Litwin) had to

meet with Probation several times in connection with the resentencing, as well as to research several complex issues.

Given the complex nature of this case, I have no doubt that Counsel spent the amount of time he requests working on this case. Accordingly, I find that all of Counsel's time entries are appropriate. However, 14.0 hours of the out-of-court hours were actually billed by Ashley Litwin, Counsel's associate. Counsel's billing rate of $125.00 per hour is directly supported by the Guidelines. *See* Guidelines, Vol. 7A, Chapter 2, § 230.16(a). However, Counsel has not explained why his *associate* should be billed at that same rate. It is not clear that Ms. Litwin is well qualified enough that she could have been appointed CJA counsel in this matter independently of Counsel. Instead, her role appears to be more akin to that of any associate staffed on a civil or criminal case. In light of this issue, the Undersigned recommends that Ms. Litwin's hourly rate be reduced slightly, to $100.00 per hour, for a total reduction in attorney's fees of $350.00. **Thus, in the absence of other factors, Counsel should receive $7,487.50 for 62.7 out-of-court hours.**

Having reviewed Counsel's request for copying expenses, totaling $30.00 at $0.15 per page, the Undersigned finds the request to be reasonable given the document-heavy nature of this case. Thus, Counsel should be compensated $30.00 for "Other Expenses."

In addition, having reviewing Counsel's request for travel expenses, totaling $30.44, the Undersigned finds the request to be reasonable given that the sentencing involved travel to and from Fort Lauderdale one time.

## IV. CONCLUSION

For the reasons stated above, the Undersigned **respectfully recommends** that Counsel be paid **$7,672.94** as fair and final compensation for his work on this case.

## V. OBJECTIONS

In accordance with 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties shall have fourteen (14) days from receipt of this Report and Recommendations to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge. Any party may respond to another party's objections within (7) days after being served with the objection. Failure to file timely objections waives a party's right to review issues related to the defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), *cited in United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, November 5, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record
Hon. Jose E. Martinez